UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LACKS INDUSTRIES, INC.,

        Plaintiff,                                 Hon. Paul L. Maloney

v.                                             Case No. 1:08-cv-00289

MCKECHNIE VEHICLE COMPONENTS
USA, INC.,

        Defendant.
_____/


## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Preliminary Injunction (Dkt. 58), which was referred to the undersigned by the Honorable Paul L. Maloney for report and recommendation under 28 U.S.C. § 636(b)(1)(B). Plaintiff Lacks Industries, Inc. ("Lacks") moves to prevent Defendant McKechnie Vehicle Components USA, Inc. ("McKechnie") from offering to sell, manufacturing, and/or selling claddings for future vehicle wheel programs that infringe Plaintiff's patent rights. The parties were heard on June 28, 2010.

I.       Factual Background

According to an affidavit submitted by Lacks, decorative chrome wheel finishes have been a desirable feature on motor vehicles for many years. Esthetic appearance has become increasingly more important in automobile vehicle design over the last 20 years. To meet this demand Lacks developed clad wheel technology to allow for improved esthetics. In general the Lacks cladded wheel consists of a chrome plated composite panel ("cladding") that is designed and manufactured

separately from the actual wheel. The cladding is then attached to the wheel at another time and/or location. This allows for a variety of differently designed claddings to be used on a single wheel and provides a chrome finished wheel that is less expensive and more durable than direct chrome plated wheels. The original equipment manufacturers ("OEMs") have responded favorably to these features. (Affidavit of James M. Zubkus, Exhibit E to Lacks' motion, Dkt. 58). As of today, wheel claddings, according to some estimates, enjoy about 95% of the OEM market.

In the mid-2000s, according to Lacks, McKechnie began gaining market share from Lacks and securing wheel programs that had been historically been awarded to Lacks. Also according to Lacks, McKechnie offered to sell cladded wheels to wheel manufacturers and OEMs at a significantly lower price that Lacks bid or would have bid for the same projects. As a result of its lower pricing, according to Lacks, McKechnie began to experience significant quality issues with the product it supplied. In 2007, Chrysler pulled all of its clad programs from McKechnie and moved them to Lacks. According to Lacks, Ford has made a decision to explore other technologies, allegedly because of McKechnie's quality problems. Lacks seeks to enjoin McKechnie from violating its patent technology for a **future** General Motors ("GM") project, the GMT 900 project for the model year 2013. Although McKechnie intends to bid on the project, this project has neither been bid on, nor has it been designed, nor has it been built. Lacks now seeks the Court to enjoin McKechnie's participation in the project. The case was filed in March of 2008, over two years ago.

II.    Standard for Preliminary Injunctive Relief

In considering whether to grant a preliminary injunction, a court must consider whether the patent owner has shown: (1) a reasonable likelihood of success on the merits; (2) the prospect of irreparable harm to the patent owner in the absence of the injunction; (3) that this harm would exceed

harm to the alleged infringer when subject to the injunction; and (4) that granting the injunction is in the public interest. *Pfizer, Inc. v. Teva Pharmaceuticals, USA, Inc.*, 429 F.3d 1364, 1372 (Fed. Cir. 2005); *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000). No one factor is dispositive, but all must be addressed. *Illinois Tool Works, Inc. v. Grip-Pak, Inc.*, 906 F.2d 679, 681 (Fed. Cir. 1990). Additionally, the trial court has wide discretion in deciding motions for preliminary injunction under the four factor analysis. *Purdue Pharma L.P. v. Boehringer Ingelheim GmbH*, 237 F.3d 1359, 1363 (Fed. Cir. 2001). The trial court's resolution of a preliminary injunction will be reviewed on a clear error standard. *Pfizer, Inc. v. Teva Pharmaceuticals, USA, Inc.*, 429 F.3d 1364, 1372 (Fed. Cir. 2005). For the following reasons, the undersigned recommends that Plaintiff's motion be denied.

III. Discussion

    A. Likelihood of Success of the Merits

The undersigned cannot conclude that Lacks has demonstrated a likelihood of success of the merits for two reasons. First, the undersigned does not know how Lacks' various patent claims will be construed by the Court. Theoretically it is possible for a plaintiff to obtain injunctive relief before the claims construction process has been completed; however, where the product has not even been designed and will not be manufactured until the 2013 design year, the undersigned is not inclined to circumvent the district judge's construction of patent claims at issue. Second, regarding a future product, McKechnie would not be entitled to violate Plaintiff's patents in any event. Finding a likelihood of success on the merits would force the Court to engage in speculation regarding claims construction, whether any design proposed would violate Lacks' patent, and whether those patents are valid. Indeed, it is uncertain whether the Court is simply being asked to engage in an advisory opinion under the circumstances presented here.

B.      Showing of Irreparable Harm

The Court also finds that Lacks has failed to show irreparable harm for the following reasons. First, no one even knows what product will be proposed and/or designed for sale to GM. Second, the Court does not even know that McKechnie will be awarded the GMT contract.

To grant the request would engage the Court in cumulative speculation. First, the Court would have to speculate that Ford is possibly moving away from cladding technology and exploring other technologies as a direct result of alleged problems with the McKechnie product. It is as logical to assume that Ford wishes to pursue alternative technology because of the competitive nature of the auto industry where designs are constantly evolving and the innovator tends to get the prize. Second, according to Lacks, it has benefitted from some of the alleged quality problems of McKechnie, recouping some of the market share it lost to McKechnie. To assume Lacks' OEM customers will flee from cladding technology is to engage in a Chicken Little the sky is falling exercise. One would have to also assume that the OEM's engineers and purchasers are not able to distinguish between a quality product and a poor quality product and/or are not able to distinguish a quality problem from a technology problem.

A preliminary injunction is not appropriate where the harm feared by the movant is speculative:

> The equitable remedy is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again-a "likelihood of substantial and immediate irreparable injury."*O'Shea v. Littleton*, 414 U.S., at 502, 94 S.Ct., at 679. The speculative nature of [the movant's] claim of future injury requires a finding that this prerequisite of equitable relief has not been fulfilled.

*City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). *See also, Sharpe v. Cureton,* 319 F.3d 259, 273-74 (6th Cir. 2003) (movant must show "likely future irreparable harm").

Third, there is no reason to speculate that should Lacks prove patent infringement by Defendant that any such infringement would not be compensable by money damages.[1] According to the Third Amdended Case Management Order (Dkt. 37), this matter is set to go to trial on May 16, 2011. The products Lacks seeks to enjoin will not even come to market until the 2013 model year.

C. The Balance of Harms is Equipoised

The undersigned cannot conclude that the balance of harms shifts in Lacks' favor. To so find the Court would have to indulge in the speculation discussed in connection with the analysis of the likelihood of success and showing of irreparable harm factors above. Thus, the undersigned finds that this factor does not weigh in Lacks' favor.

D. The Public Interest Weighs in Favor of Denying the Motion

According to Lacks itself, it is one of two viable competitors in the cladding market. To grant the relief requested by Lacks would in effect create a future monopoly in favor of Lacks. Notwithstanding the fact that the public does have an interest in the protection of valid patents, that is compensable by money damages. The public certainly has an interest in competition, as do the OEMs. *See, e.g., Illinois Tool Works, Inc. v. Grip-Pak, Inc.*, 906 F.2d 679, 684 (Fed Cir. 1990).

---

[1] Unless, of course, you accept the speculation upon speculation upon speculation that the entire industry will go down the tubes.

IV. <u>Conclusion</u>

For all of these reasons, the undersigned recommends that Plaintiff's Motion for Preliminary Injunction (Dkt. 58) be **denied**.

Respectfully submitted,

Date: July 8, 2010  /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).